Barbara J. Gloeckl, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Robert J. Amelio, Dillman, Sheerer & Schuchert,* for petitioner.

*Sally A. Lied,* Deputy Attorney General, with her, *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, February 20, 1981:

Barbara J. Gloeckl appeals a decision of the Pennsylvania Crime Victim's Compensation Board (Board) that she is not eligible for compensation under Section 477 of the Administrative Code of 1929 (Code).[1] The Board ruled that her receipt of $309,-596.88 in insurance proceeds made her ineligible under Section 477.9(e) of the Act, 71 P.S. §180-7.9(e). Affirmed.

---

[1] Act of April 9, 1929, P.L. 177, *as amended*, added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended*, 71 P.S. §180-7.

Mrs. Gloeckl's husband was shot and killed when he was making a night deposit for his employer, Hills Department Store, of Aliquippa, Pennsylvania. As a result of her husband's death, the Board calculated Mrs. Gloeckl's loss of support at $240,311.39; however, at the same time she was to receive $309,596.88 in insurance proceeds to compensate her for those losses. By applying Section 477.9(e) of the Act, which provides

[a]ny award made pursuant to this act shall be reduced by the amount of any payments received or to be received by the claimant *as a result of the injury* (i) from or on behalf of the person who committed the crime, (ii) under any insurance programs including those mandated by law, (iii) under any contract of insurance wherein the claimant is the insured beneficiary, (iv) from public funds, or (v) as an emergency award pursuant to section 477.8 of this act. 71 P.S. §180-7.9(e). (Emphasis added.)

to the facts on hand, the Board declared Mrs. Gloeckl ineligible for compensation.

Mrs. Gloeckl first argues that since Section 477.9-(e) does not address itself to the death of a crime victim, the statutory set-off provisions are inapplicable. We must disagree.

This Court recently decided that the statutory language, "injury," as appearing in the Act shall also mean death. *See Turner Appeal,* 44 Pa. Commonwealth Ct. 326, 403 A.2d 1346 (1979). As Judge BLATT pointed out, reference only to "injury" in the Act reflected merely a lack of symmetry and precision in drafting rather than an intent to exclude the physical condition of death. *Id.* at 332, 403 A.2d at 1349.

Having decided that the Board properly applied the set-off provisions of Section 477.9(e) of the Act, we now turn to Mrs. Gloeckl's alternative argument

which proposes that the tort law of damages is the standard by which to compensate a crime victim.[2]

According to Mrs. Gloeckl, she, as a result of her husband's murder, would have had a civil cause of action against the responsible person in a survival action. The measure of damages in a survival action, according to the Supreme Court of Pennsylvania in *Incollingo v. Ewing,* 444 Pa. 299, 282 A.2d 206 (1971), was held to be as follows:

[I]n all survival actions, damages are properly to be measured by decedent's pain and suffering and loss of gross earning power from the date of injury until death, and loss of earning power less personal maintenance expenses from the time of death through decedent's estimated working lifespan. *Id.* at 309, 282 A. 2d at 229.

Our Supreme Court further articulated that:

[A]s applied to survival actions the economic loss to a decedent's estate should be measured by decedent's total estimated future earning power less his estimated cost of personal maintenance reduced to present value. *Id.*[3]

Therefore, Mrs. Gloeckl reasons, that since she would have had a survival action against the individual who murdered her husband, and since the standard for measuring economic loss in survival actions was established in *Incollingo,* a case which pre-dates the Act creating crime victim's compensation, that the Board

---

[2] Mrs. Gloeckl specifically argues that no deduction for taxes should have been made and that the Board should have projected the victim's earning capacity in terms of career advancement.

[3] However, we are mindful that the Supreme Court has instructed the Courts to abandon the practice of discounting lost future wages. *Kaczkowski v. Bolubasz,* Pa. , 421 A.2d 1027 (1980).

was required to use the *Incollingo* standard in determining her loss of support. We disagree.

We believe that the General Assembly, in creating the crime victim's compensation program, never intended that it be equaled to a tort action or remedy and that various provisions in the Act make this fact manifestly clear.

In the definitional language of Section 477 of the Act, "Out-of-pocket-loss" specifically excludes compensation for pain and suffering. 71 P.S. §180-7. Moreover, this Court held in *Peterson v. Pennsylvania Crime Victim's Compensation Board,* 45 Pa. Commonwealth Ct. 72, 404 A.2d 1364 (1979), that the previously discussed set-off requirement of Section 477.9(e) shall be interpreted so as to prevent a collateral source of recovery in instances wherein a victim receives insurance proceeds. Since pain and suffering, and the collateral source doctrine, are historically a measure of tort damages, we can only conclude that the statutory exclusion of these avenues of recovery evidenced an intent by the legislature to set up a scheme of compensation unrelated to the law of civil damages.[4]

The order of the Board must therefore be affirmed.

ORDER

The order of the Crime Victim's Compensation Board denying Barbara J. Gloeckl compensation is hereby affirmed.

---

[4] Mrs. Gloeckl also challenges the Board's formula for compensation as it hadn't been adopted pursuant to the provisions of the Commonwealth Document Law, Act of July 9, 1968, P.L. 877, *as amended* by the Act of April 28, 1978, P.L. 202, 45 Pa. C.S. §501 *et seq.* We must dismiss this argument as the formula is within the province of an interpretative rule and not a regulation promulgated pursuant to a specific grant of authority by the legislature.