Mary Levato, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victims Compensation Board, Respondent.

Argued March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*William C. Knapp,* for petitioner.

*Gregory R. Neuhauser,* with him *Sally A. Lied* and *Francis R. Filipi,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

Opinion by Judge Rogers, April 20, 1983:

Mary Levato has filed a petition for review of an order of the Pennsylvania Crime Victim's Compensation Board (board) denying her compensation for the loss of the future support of her husband, a deceased victim of crime. The compensation sought is that provided by the Commonwealth by Section 477 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§180-7— 180-7.17 (hereinafter referred to as the Act).

A brief description of the Act is here appropriate. Section 477.1, 71 P.S. §180-7.1 creates the board and Section 477.2, 71 P.S. §180-7.2 confers on the board the power to hear and determine claims for compensation and to hold hearings thereon. Section 477.3 (a)(3), 71 P.S. §180-7.3(a)(3) provides that the surviving spouse of a deceased victim shall be eligible for compensation. Section 477.6, 71 P.S. §180-7.6 provides that a claim shall be assigned to a board member who shall examine the papers filed in support of the claim and make a recommendation regarding the claim; and

that if the member is unable to make a recommendation on the basis of an investigation and an examination of the claim itself and other records and reports to conduct a hearing to enable him to do so. Section 477.9, 71 P.S. §180-7.9 concerns awards and pertinently to this case contains the following subsections:

> (b) Any award . . . *shall* be in the amount not exceeding out-of-pocket loss, together with loss of past, present or *future* earnings or *support.* . . . (Emphasis added.)

> (c) Any award made for loss of earnings or support shall . . . be in an amount equal to the actual loss sustained. . . .''

The petitioner's husband was murdered. In her claim for compensation filed with the board the petitioner disclosed that at the time of her husband's death she was separated from her husband but kept in touch with him and that she was disabled and hoped to get support from her husband "which he said he would with me [sic] go to court to get it." The board member to whom the case was assigned, without conducting a hearing, found, based apparently on investigation and papers filed with him, that the petitioner was estranged from the victim and did not incur a loss of support. He recommended that the petitioner be compensated only for her deceased husband's burial costs. The board, again without a hearing, adopted the recommendation of the reporting member.

In its written argument in support of the refusal to award the petitioner anything on account of loss of future support from her husband, the board first emphasizes the words "actual loss" employed in Section 477.9(c). Its thesis seems to be that because the petitioner was not receiving support from her husband at the time of his death she could not sustain an ac-

tual loss of support after his death. This is error. The board misinterprets the purpose of the words "actual loss" in Section 477.9(c) which is only that of placing a ceiling on the amount which may be awarded for loss of earnings and support at actual loss rather than some greater amount. It was not intended as a bar to the award of compensation to a surviving spouse for the loss of future support on the sole ground that the survivor was not receiving support from the deceased spouse at the time of his death. Surely the Legislature did not mean to exclude every surviving spouse entitled to an award for future support merely because the victim of the crime was not at that moment providing support. Such a circumstance could be unemployment, temporary disability, or the circumstance of not yet having joined the job market. We hold that Section 477.9(b) entitles the petitioner to receive compensation for the loss of future support of her deceased husband in the circumstances of this case. She will, of course, be required to adduce facts which would support a finding that she would have received future support from her husband had he not been murdered.

The board's only other asserted justification for its determination is the case of *Gloecki v. Pennsylvania Crime Victim's Compensation Board*, 57 Pa. Commonwealth Ct. 28, 425 A.2d 877 (1981), a decision which we find to be entirely inapposite. We decided there that the limited compensation for loss of support made available by the Commonwealth to the survivors of victims of crime for loss of future support was not to be computed as though the claim filed with the Crime Victim's Compensation Board was a survival action for damages against an alleged tortfeasor. The petitioner here is asking to be compensated only as the Act provides.

We therefore reverse the board's order and remand the record for a determination of the petitioner's claim for future support. Jurisdiction is relinquished.

## ORDER

AND Now, this 20th day of April, 1983, the order of the Crime Victim's Compensation Board in the above-captioned matter is reversed and the case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.