In Re: Claim of Anthony Trama. Anthony Trama, Petitioner.

Argued February 2, 1984, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Mark J. LeWinter, Barry M. Rothman, P.C.,* for petitioner.

*Gregory R. Neuhauser,* Deputy Attorney General, with him *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, April 6, 1984:

This is an appeal by Anthony Trama from a decision and order of the Crime Victim's Compensation Board (Board) which denied his claim for compensation, filed pursuant to Section 477 of the Administrative Code (Code), Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§180-7 through 180-7.18.

On August 3, 1980, Trama sustained a gunshot wound of the left hand on a sidewalk in Philadelphia. As a result of the incident, Trama incurred out-of-pocket losses for medical care and treatment which were paid by the Commonwealth's Public Welfare Medical Assistance Program. Trama's claim before

the Board sought compensation for loss of earnings. At the time of the shooting, Trama was self-employed in the roofing business.

A hearing was held before the Board on August 4, 1982 and on October 20, 1982 the Board issued its decision and order denying Trama's claim. This appeal followed.

Before this Court, Trama argues that the Board's determination that it was unable to establish the amount of Trama's net adjusted profit and verify his alleged loss of earnings from the record papers submitted was in error and is against the weight of the evidence. We do not agree.

Section 477.9(c) of the Code, 71 P.S. §180-7.9(c) provides that "[a]ny award made for the loss of earnings or support shall, unless reduced pursuant to other provisions of this act, be in an amount equal to the *actual loss sustained*. . . ." (Emphasis added.) Pursuant to this section of the Code, the Board has promulgated regulations by which it verifies the actual loss sustained. *See* 37 Pa. Code §191.9.

In his brief to this Court, Trama concedes that his rudimentary and unsophisticated bookkeeping practices make it difficult to determine the precise amount of profit generated by the business. Trama urges, however, that he provided the Board with numerous invoices, income and expense receipts, bank deposit statements, and oral testimony from which the Board could have ascertained the approximate loss of earnings he sustained. The record does indeed contain a varied collection of invoices for roofing supplies, estimates and invoices for roofing jobs, bank deposit records, and the like. But the evidence is presented in no coherent form or accounting schematic, and in some instances it directly contradicts Trama's own testimony regarding his activity in the roofing enter-

prise. That testimony itself was confused even as to how long Trama had operated the business. The Board did not err in finding this evidence insufficient to adequately measure the actual loss sustained under the terms of the Code and the regulations promulgated thereunder.

Trama further argues that the law of damages does not require precision in the calculation of lost profits and, despite the inexactitude of the evidence presented, the Board could have made a reasonable estimate of the profits lost. But, we have held that the compensation provisions "evidenced an intent by the legislature to set up a scheme of compensation unrelated to the law of civil damages." *Gloeckl v. Pennsylvania Crime Victim's Compensation Board*, 57 Pa. Commonwealth Ct. 28, 32, 425 A.2d 877, 878 (1981).

Accordingly, we affirm.

### Order

Now, April 6, 1984, the decision and order of the Crime Victim's Compensation Board in the above referenced matter, dated October 20, 1982, is hereby affirmed.