Beatrice Little, Petitioner *v.* Commonwealth
of Pennsylvania, Pennsylvania Crime Victim's
Compensation Board, Respondent.

Submitted on briefs February 7, 1985, to Judges
MACPHAIL, DOYLE and BARRY, sitting as a panel of
three.

*Joseph P. Covelli,* for petitioner.

*Amy Zapp,* Deputy Attorney General, with her, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARRY, May 17, 1985:

Beatrice Little (petitioner) petitions for review of the order of the Pennsylvania Crime Victim's Compensation Board (Board) denying her claim for lost future support under the sections of the Administrative Code to which we will refer as the Crime Victim's Compensation Act (CVCA) Sections 477 through 477.17 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§180-7 through 180-7.17.

The essential facts in this case are not in dispute.[1] On August 17, 1980, John David Little (decedent), petitioner's estranged husband, was the victim of a criminal homicide[2] in Clairton, Pennsylvania. At the time of his death, decedent was under an order of the Allegheny County Court of Common Pleas, issued on August 13, 1974, directing him to pay support to petitioner and their three children, then living with her, in the amount of $72.00 per week or $18.00 per week per person. At all times pertinent to this case, the support order has been in effect without modification; how-

_____
[1] A recitation of the extended procedural history of this case before the Board is not required. It is sufficient to note that these reports were made to the Board on May 18, 1983 and on September 5, 1984 by individual Board members. On May 3, 1984, counsel for the parties stipulated that the facts as set forth in the May 18, 1983 report were correct with the exception of the second sentence of paragraph 16 thereof which provided as follows: "The records indicate that the claimant had not actually received support since 1976." The disputed sentence was deleted in the September 5, 1984 report which reproduced the findings of fact of the May 18, 1983 report in all other material aspects.

[2] *See* 18 Pa. C.S. §2501.

ever, for several years prior to decedent's death, petitioner received no support payments from him, even though he had been gainfully self-employed during that period.

The sole issue for our review is whether the Board committed legal error in denying petitioner's claim.[3]

Relying on Section 477.9(b)[4] of the CVCA and the Board's regulations at 37 Pa. Code §191.9b,[5] petitioner argues that, under *Levato v. Pennsylvania Crime Victim's Compensation Board*, 73 Pa. Commonwealth Ct. 518, 458 A.2d 665 (1983), the existence of a court order for support is sufficient to establish her right to compensation under the CVCA. In support of its action, the Board counters that petitioner's claim was properly denied because petitioner allegedly failed to establish that she would suffer "actual loss" under Section 477.9(c)[6] of the CVCA in that she could not genu-

---

[3] One appellate scope of review of decisions of Commonwealth agencies such as the Board includes, *inter alia*, review for legal errors. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704 and *Milbourne v. Pennsylvania Crime Victim's Compensation Board*, 82 Pa. Commonwealth Ct. 259, 475 A.2d 899 (1984).

[4] Section 477-7.9(b), 71 P.S. §180-7.9(b), provides that:
Any award made pursuant to sections 477 to 477.15 shall be in an amount not exceeding out-of-pocket loss, together with loss of past, present or future earnings or support resulting from such injury. In no case shall the total amount of an award exceed twenty-five thousand dollars ($25,000).

[5] 37 Pa. Code §191.9b provides in pertinent part:
Computation of loss of support.
(a) *When the claimant is the surviving spouse with a dependent child or children.* The following steps will be followed:
(1) When a court has ordered support for the surviving spouse or children, the court order will be the basis for the loss of support. (Emphasis in original.)

[6] Section 477.9(c), 71 P.S. §180-7.9(c) provides that:
Any award made for loss of earnings or support shall, unless reduced pursuant to other provisions of this act, be in

inely expect to receive future support from the decedent. The Board argues that the decedent's failure to comply with the support order for the years immediately preceding his death even though he had the financial means to do so and petitioner's failure to seek enforcement of the support order compel the legal conclusion at which it arrived.

In construing the provisions of the CVCA, we must bear in mind that the objective "of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921. The declared purpose of the Legislature in creating the Board and providing for crime victims' compensation is "to promote the public welfare by establishing a means of providing for the financial losses of the innocent victims of crime or their surviving dependents and intervenors acting to prevent the commission of crime or to assist in the apprehension of suspected criminals."[7] Clearly, then, we are dealing with remedial legislation which we are required to construe broadly and liberally in order to effectuate its beneficient purposes. *See Seybold v. Department of General Services,* 75 Pa. Commonwealth Ct. 118, 461 A.2d 353 (1983).[8]

---

an amount equal to the actual loss sustained: Provided, however, that no such award shall exceed two hundred dollars ($200) for each week of lost earnings or support: And, provided further, that the aggregate award for such loss shall not exceed ten thousand dollars ($10,000) except that in the case of death of a victim or intervenor, the aggregate award shall not exceed fifteen thousand dollars ($15,000).

[7] Section 3 of the Act of July 9, 1976, P.L. 574.

[8] Section 1928 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1928 reinforces this conclusion because subsection (b) thereof enumerates several classes of statutes which require strict construction and the CVCA is not of a class which is among those set

The arguments of the parties in the present case repeat, for the most part, the positions of the parties in *Levato,* where we held that the spouse of a murder victim was improperly denied any compensation on the grounds that she was receiving no support from the decedent at the time of his death. Writing for a unanimous three judge panel, Judge ROGERS stated that the Board's proffered interpretation of Sections 477.9(b) and 477.9(c) was erroneous.

The board misinterprets the purpose of the words "actual loss" in Section 477.9(c) which is only that of placing a ceiling on the amount which may be awarded for loss of earnings and support at actual loss rather than some greater amount. It was not intended as a bar to the award of compensation to a surviving spouse for the loss of future support on the sole ground that the survivor was not receiving support from the deceased spouse at the time of his death. Surely the Legislature did not mean to exclude every surviving spouse entitled to an award for future support merely because the victim of the crime was not at that moment providing support. Such a circumstance could be unemployment, temporary disability, or the circumstance of not yet having joined the job market. We hold that Section 477.9(b) entitles the petitioner to receive compensation for the loss of future support of her deceased husband in the circumstances of this case. She will, of course, be required to adduce facts which would support a finding that she would have received future support from her husband had he not been murdered.

forth. Under such circumstances, we must give the provisions of the CVCA a liberal construction. *Chappell v. Pennsylvania Public Utility Commission,* 57 Pa. Commonwealth Ct. 17, 425 A.2d 73 (1981).

As is revealed in the foregoing, a liberal interpretation was applied in *Levato,* but the Board now attempts to have us read that decision narrowly so that the contingencies identified therein would be the only instances in which a claim for future support would not be barred. Emphasizing the length of time decedent failed to comply with the support order,[9] the Board's position is that *Levato* requires a *temporary suspension of support payments* and that petitioner must be denied because she was experiencing a suspension of payments which became an "established practice of some duration." While we have reservations about the incongruity of the Board's reliance on decedent's illegal conduct to support its denial of compensation to petitioner, we need only note that, in

---

[9] In his Report and Recommendation Following Claimant's [petitioner's] Brief, dated September 5, 1984, Board Member Miller acknowledged that under the Board's regulations (37 Pa. Code §191.9b) a court order for support will be the basis for determining the loss of support, but then erroneously stated that the "determination should be made by the support provided during the calendar year immediately preceding the year of the crime on which the claim is based." 37 Pa. Code §191.9b(a)(2) provides in pertinent part:

When there is *no court order for support,* the following steps will be followed:

(i) Determine the net annual income of the victim by subtracting social security tax, Federal income tax, State income tax, and local wage taxes from the gross earnings for the 12 months immediately preceding the occurrence of the crime.

(ii) For self-employed victims, determine the net annual profit excluding bad debt entries for the calendar year immediately preceding the occurrence of the crime. Subtract the tax liabilities for social security tax, Federal income tax, State income tax, and local wage taxes to establish the net adjusted profit. (Emphasis added.)

Obviously, inasmuch as there is a support order in existence in this case, there was no need to apply the provisions of Section 191.9b(a)(2).

order to demonstrate that the *Levato* list was not intended to be so restricted, the list itself includes a situation which could extend for several years, *i.e.,* where the deceased spouse had not yet entered the job market. Clearly, such circumstances could include a situation where the deceased spouse was still a student at the time of death. Consequently, we reject the Board's argument that *Levato* sets forth the *only* circumstances wherein compensation for lost future support may be granted and conclude that it merely cites examples of such to demonstrate that the Board had strayed from the path of effectuating the Legislature's true intent in the CVCA. Likewise, in the instant case, we believe that the Board's proffered interpretation is inconsistent with the spirit of *Levato* and the remedial nature of the CVCA and hold, therefore, that petitioner is entitled to be compensated for the loss of future support from decedent.

Finally, the Board attempts to convince us that the petitioner has presented no evidence of her anticipated actual loss. We must also resolve this point contrary to the Board's position. The support order itself established that petitioner was entitled to $18.00 per week from decedent.[10] Now all that need be determined is the length of time she could expect such payments had decedent not been killed.[11]

Accordingly, we will reverse the order of the Board and will remand the record for the computation of the amount of benefits due to petitioner.

---

[10] *See* notes 5 and 9.

[11] Since the children of decedent and petitioner are of age and petitioner has made no claim on their behalf, the board should use appropriate actuarial tables for persons of the age and race of petitioner and decedent to arrive at the sum of money that would be paid to petitioner. This should then be reduced by the use of appropriate tables to present worth, since this sum is not subject to the theories set forth in *Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980).

ORDER

Now, May 17, 1985, the order of the Pennsylvania Crime Victim's Compensation Board, dated September 5, 1984, is reversed and this matter is remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.