David Smith and Sarah Smith, individually and as surviving parents of David O. Smith, deceased, claimant, Petitioners *v.* Commonwealth of Pennsylvania, Crime Victim's Compensation Board, Respondent.

Argued September 12, 1985, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*William W. Spalding,* with him, *Roger S. Spalding,*
*Fell & Spalding,* for petitioners.

*Amy Zapp,* Deputy Attorney General, with her,
*Allen C. Warshaw,* Chief Deputy Attorney General,
Chief, Litigation Section, and *LeRoy S. Zimmerman,*
Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 3, 1985:

David Smith and Sarah Smith (Petitioners), hus-
band and wife, appeal from a decision and order of
the Crime Victim's Compensation Board (Board)
which denied their claim for compensation filed pur-
suant to Section 477 of The Administrative Code of
1929 (Code), Act of April 9, 1929, P.L. 177, *as*
*amended,* added by Section 2 of the Act of July 9,
1976, P.L. 574, *as amended,* 71 P.S. §§180-7—180-7.18.

The facts of this case are not in dispute. On April
6, 1984, Petitioners' nine year old son was the victim
of a homicide. Petitioners sought compensation under
Section 477.3(a)(3) of the Code, *as amended,* 71 P.S.
§180-7.3(a)(3) and filed a claim for compensation in
the amount of $4,016.70. On September 20, 1984, the
Board denied the claim, reasoning that:

Claimants seek loss of earnings for two weeks
but Rules and Regulations limit an award for

> one weeks [sic] loss of earnings to one parent in the amount of $200.00. Further, the Act provides compensation of medical expenses for the victim only, not his survivors. Claimant received $5,037.15 in life insurance proceeds. Claimants did not incur a financial loss within the parameters of the prevailing [Code].

Petitioners requested the Board to reconsider its decision, alleging (1) the Board failed to consider the past, present and future earnings and support of the Petitioners' son; (2) the Board erred in determining that only one parent was entitled to one week's loss of earnings; and (3) the victim's mother and sister have had to undergo psychiatric care, at considerable expense, as a result of the homicide. Petitioners submitted a written statement from a Dr. Verzilli, a professor of economics at Drexel University, purporting to show the potential value of the life-time earning capacity of the decedent. No other evidence was presented and no hearing was requested. Petitioners requested that the Board enter an award in the amount of $25,000.00.

On November 26, 1984, the Board reaffirmed its earlier decision and the instant appeal followed. In this appeal, Petitioners have directed their argument to that portion of the Board's decision denying Petitioners an award for loss of future earnings and support for the death of their child.

We must note that this Court in *Gloeckl v. Pennsylvania Crime Victim's Compensation Board,* 57 Pa. Commonwealth Ct. 28, 425 A.2d 877 (1981) held that the General Assembly never intended that the crime victim's compensation program was to be the equivalent of a tort action. Petitioners, nevertheless, argue that *Levato v. Pennsylvania Crime Victims Compensation Board,* 73 Pa. Commonwealth Ct. 518, 458 A.2d

665 (1983) controls the determination of whether Petitioners are entitled to receive an award based on the future earnings of their son. The claimant in *Levato* had filed a claim for compensation where her husband, from whom she was separated, was murdered. Claimant had not received support from her deceased spouse at the time of his death. In holding that Section 477.9 (b) of the Code, 71 P.S. §180-7.9(b), entitled claimant to receive compensation for the loss of future support of her deceased husband, we stated that:

> [s]urely the Legislature did not mean to exclude every surviving spouse entitled to an award for future support merely because the victim of the crime was not at that moment providing support. Such a circumstance could be unemployment, temporary disability, or the circumstances of not yet having joined the job market. . . . *She will, of course, be required to adduce facts which would support a finding that she would have received future support from her husband had he not been murdered.*

73 Pa. Commonwealth Ct. at 521, 458 A.2d at 666 (emphasis added).

The Board argues here that while Petitioners presented evidence of what the victim's future earnings would be, Petitioners presented no evidence which would support an inference that they would have received future support from their son had he not been murdered. We, regrettably, are constrained to agree with the Board. Actuarial evidence of the victim's potential earnings is insufficient for Petitioners to carry their burden of proving that the victim would have supported his parents and that his untimely death caused them to suffer *actual* loss. *See* Section 477.9(c) of the Code, 71 P.S. §180-7.9(c).

The order of the Board is therefore affirmed.

## ORDER

The order of the Crime Victim's Compensation Board, dated November 26, 1984, No. 83-1430-D, is affirmed.