504 A.2d 415

Rocco Allen Boyd, II, a minor, by his guardian Sondra Coto, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

16

Argued May 6, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*K. Lawrence Kemp, Kemp & Kemp,* for petitioner.

*Amy Zapp,* Deputy Attorney General, with her, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief of Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, February 6, 1986:

Sondra Coto (Petitioner) has filed a petition for review from an order of the Pennsylvania Crime Victim's Compensation Board (Board) denying an award of compensation to her for the loss of future support as guardian of Rocco Allen Boyd, II, the son of a deceased victim of a crime. The compensation sought is that provided by the Commonwealth in Section 477 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§180-7—180-7.17 (Act).

Petitioner is the natural mother and guardian of Rocco Allen Boyd II (child), the minor child of Rocco Allen Boyd (victim), who was the victim of a criminal homicide on June 17, 1980. Petitioner and the victim had never been married. Petitioner filed a claim with the Board on behalf of the child, requesting compensation for the loss of support resulting from the death of the child's father. The Board, following a hearing, made several findings of fact. Those pertinent to this appeal are:

1) Petitioner testified at the hearing before the Board that the victim provided approximately $700.00 per year in support of the child, in the form of purchasing pampers, milk, extra food, gifts, and on movies and outings.

2) As a direct result of the crime, Petitioner became eligible to receive Social Security payments in the amount of $226.00 per month on be-

half of the child, who was born on June 29, 1977. The annual reimbursements total $2,712.00.

3) The record papers indicate the annual reimbursements being received by Petitioner as a direct result of the crime exceed the amount of annual support provided by the victim in the amount of $2,012.00 ($2,712.00-$700.00).

Because the reimbursements from Social Security exceeded the amount of actual support, the Board concluded that Petitioner did not incur a loss of support, and denied compensation. This appeal followed.

Our scope of review in cases such as this is to determine whether the Board committed an error of law, or violated constitutional rights and whether the findings of fact are supported by substantial evidence. 2 Pa. C. S. §704; *Little v. Pennsylvania Crime Victim's Compensation Board,* 89 Pa. Commonwealth Ct. 334, 492 A.2d 499 (1985).

The declared purpose of the Act is to promote the public welfare by establishing a means of providing for the financial losses of the innocent victims of a crime or their surviving dependents. Section 3 of the Act of July 9, 1976, P.L. 574. We are required to construe such remedial legislation broadly and liberally in order to effectuate its beneficent purposes. *Little.*

The question presented in this appeal is whether the Board erred in refusing to use the calculations for loss of support contained in its regulations at 37 Pa. Code §191.9b(b). Section 191.9b(b) provides the procedure for calculating loss of support when the claimant is a guardian of the *dependent* child or children of a victim.[1] The Board asserts that 37 Pa. Code §191.9b

---

[1] Section 191.9b(b) provides:

(b) *When the claimant is a guardian of the dependent child or children of a victim.* The following steps will be followed:

(b) is not applicable to Petitioner, because the child was not a dependent child of the victim. In support of its position, the Board argues that the child was not primarily dependent upon the victim for support because: 1) the child's support was derived from Aid to Families with Dependent Children (AFDC); 2) the child received only incidental contributions to his support from the victim; and 3) no evidence was presented at the hearing to establish that the child was ever claimed as a dependent by the victim on his tax returns.

Neither the statutory provisions nor the regulations supply us with a definition of "dependent child". Because the determination of who qualifies as a dependent child is an important one, and because we be-

---

(1) When a court has ordered support for a surviving child or children of a victim, the court order shall be the basis of the loss of support.

(2) When there is no court order for support, the following steps will be followed:

(i) Determine the net annual income of the victim by subtracting social security tax, Federal income tax, State income tax, and local wage taxes from the gross earnings for the 12 months immediately preceding the occurrence of the crime.

(ii) For self-employed victims, determine the net annual profit excluding bad debt entries for the calendar year immediately preceding the occurrence of the crime. Subtract the tax liabilities for social security tax, Federal income tax, State income tax, and local wage taxes to establish the net adjusted profit.

(iii) Attribute 80% of the net annual adjusted profit as support to the surviving dependent or dependents.

(iv) Determine the number of years until the dependent or dependents will attain the age of 18 and could have reasonably expected to be supported by the victim.

(v) Multiply the number of years of expected support by the net annual loss of support.

(vi) Prorate the award among the dependent children as the circumstances dictate.

lieve the decision should not be made on an unguided case-to-case basis, we strongly suggest that the Board promulgate regulations setting forth guidelines for such a determination where no judicial determination as to dependency has been made. This will also help to insure that the Board's treatment of such cases is uniform.

The reasons relied upon by the Board for their assertion that the child was not dependent are not persuasive. The fact that a child receives his principal support from AFDC does not rule out a finding that he or she is dependent on the non-custodial parent. The parent still has, under the law, an obligation to support the child.[2] The fact that the victim only contributed $700.00 per year does not preclude a finding of dependency. We do not believe that the amount of the victim's contribution should be dispositive of the determination of dependency at the time of the victim's death. We also disapprove of the Board's reference to the absence of the victim's Federal Income Tax returns, because tax laws are made for entirely different purposes, and as such are irrelevant to the Board's determination of dependency. We find that none of the criteria advanced by the Board is of any real value in determining whether the child is dependent.

The Board also argues that to use the calculations provided by 37 Pa. Code §191.9b(b) would contravene Section 477.9 of the Act, 71 P.S. §180-7.9, which states that any award for loss of earnings or support shall be in the amount equal to the *actual loss* sustained. The Board's position is that the actual loss sustained by Petitioner is $700.00 per year. This is too restrictive an interpretation of the term "actual loss". This Court has held that the statute's actual loss language

---

[2] *See, e.g.*, Section 4322 of the Crimes Code, 18 Pa. C. S. §4322; Pa. R.C.P. Nos. 1910.1-1910.31.

only places a ceiling on the amount that may be awarded for loss of earnings or support. *Levato v. Pennsylvania Crime Victim's Compensation Board*, 73 Pa. Commonwealth Ct. 518, 458 A.2d 665 (1983). Actual loss does not mean that the amount of annual support received at the time of the crime is determinative of the award. *See Little; Levato.*

Although the factors listed by the Board are insufficient to support a conclusion that the child was *not* a dependent child of the victim, we need not remand the case to the Board, because the maximum award available to Petitioner under 37 Pa. Code §191.9b(b) would still be reduced to zero by the amount of Social Security which Petitioner receives on behalf of the child.[3] *See McNight v. Pennsylvania Crime Victim's Compensation Board*, 76 Pa. Commonwealth Ct. 274, 463 A.2d 1238 (1983), *appeal dismissed* (No. 3 E.D. Appeal Docket 1984, November 5, 1984).

Accordingly, because the result reached by the Board is correct, we affirm the order denying an award of compensation to Petitioner Sondra Coto.[4]

ORDER

AND Now, February 6, 1986, the order of the Pennsylvania Crime Victim's Compensation Board at Claim No. 80-0259-D, dated March 7, 1984, is affirmed.

Judge MACPHAIL concurs in the result only.

---

[3] The maximum award available to Petitioner under the Act is $20,000. *See* 71 P.S. §180-7.9(c). The total amount of Social Security which will be received by the time the child has reached age 18 is $40,680. The compensation from Social Security will more than offset any loss of support to which Petitioner might be entitled. *See* 71 P.S. §180-7.9(e) (Subsection (e) requires reduction of an award by the amount of any payments received or to be received by the claimant, as a result of the injury, from public funds.)

[4] *Haney v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 461, 467, 442 A.2d 1223, 1226 (1982).