529 A.2d 1224

Doffis Dean Stowers and Randy Stowers, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Argued March 23, 1987, before Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Robert A. Cohen, Rothman, Gordon, Foreman and Groudine, P.A.,* for petitioners.

*Thomas M. Crowley,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General.

Opinion by Judge Blatt, August 21, 1987:

Doffis Dean Stowers (husband) and Randy Stowers (son) (jointly, the petitioners) petition for review of an order of the Crime Victim's Compensation Board (Board) which denied the husband's request for an award of loss of support and the son's request for an award of funeral expenses. The Board's order, however, did award the husband $152.00 for medical expenses relating to the care of Janet M. Stowers (victim).

The Board found that the victim, who was estranged from her husband, suffered a fatal gunshot wound to the head on July 17, 1983, and that the circumstances

surrounding the crime did not preclude the victim from falling within the provisions of Section 477.9 of the Act of April 9, 1929 (Act), P. L. 177, *as amended,* 71 P.S. §180-7.9.[1] Her husband sought an award of $25,000 for "loss of earnings." The Board treated this claim as one for loss of support and denied it because the husband presented no evidence that his wife had provided support to him. The son sought an award of $4,344.46 for expenses he "voluntarily" incurred for funeral services and interment. The Board also denied this claim after determining that the son had received insurance proceeds due to the victim's death and that Section 477.9 required that such proceeds be used to offset any payments made. The Board did, however, grant an award of $152.00 to the husband for medical expenses which related to the care of the victim. The petitioners appealed to this Court.

Our scope of review of a Board adjudication is limited to determining whether or not the necessary findings of fact are supported by substantial evidence and whether or not the Board has committed a constitutional violation or an error of law. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The husband asserts that the Board erred in denying his claim because he was estranged from his wife. He cites two cases wherein we have not precluded a claim payment for this reason. In *Levato v. Crime Victim's Compensation Board,* 73 Pa. Commonwealth Ct. 518, 458 A.2d 665 (1983), we held that, where a surviving spouse was not receiving support at the time of the spouse/victim's death, that fact alone did not bar a claim if the surviving spouse could show that she would have received future support. And, in *Little v. Crime*

---

[1] Section 477.9 was added by Section 2 of the Act of July 9, 1976, P.L. 574.

*Victim's Compensation Board,* 89 Pa. Commonwealth Ct. 334, 492 A.2d 499 (1985), the spouse/victim was under a court order to pay support to his wife, but had failed to do so, although he was financially capable of complying, and the Board denied an award. We reversed, citing *Levato* and indicating that, where a claimant can show that she would have received future support, an award is not precluded. These cases, however, are not helpful to the husband here because they require a showing that he incurred a loss of support, either present or future. In this case, the Board found no evidence that the husband was receiving support or that he could have reasonably expected any future support from the victim. It was because of his failure to meet this evidentiary burden that his claim was denied, and this result is in accordance with the Act's requirement that an award be limited to "actual loss."

The husband also asserts that the Board erred in treating his claim as one for lost support, a category which he seems to recognize as requiring a showing of dependency. He maintains that what he actually sought was compensation for loss of earnings and that his category does not require any showing of dependency. He is indeed correct that dependency is not an element in a loss of earnings case. This, however, is because the loss of earnings category is the claim category for a *victim* of the crime who survives, but suffers a loss of earnings. This is clear when Board Regulations 191.9, 191.9a and 191.9b, 37 Pa. Code §§191.9, 191.9a and 191.9b are examined. These regulations, which represent the construction of the statute involved here by the agency charged with that legislation's execution, are entitled to great deference and will not be overturned unless it is clear that such construction is erroneous. *Spicer v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 558, 428 A.2d 1008 (1981). We do not find the Board's

interpretation of the Act to be clearly erroneous in this instance and must, therefore, conclude that an award for support to the victim's husband was properly denied.

With respect to the son's claim, the Board noted that Section 477.9(e) of the Act directs that an award "shall be reduced by the amount of any payments received or to be received by the claimant as a result of the injury . . . under any contract of insurance wherein the claimant is the insured beneficiary. . . ." The son concedes that he received payments as beneficiary under his mother's life insurance policy. He argues, however, that, because he voluntarily paid her funeral expenses, he incurred "an acutal loss" which the Act's purpose is to prevent. He further asserts that the voluntariness of his actions should allow compensation and that the award of such compensation would not result in his having a double recovery. We can find no indication in Section 477.9 of the Act, however, that the legislature sought to distinguish voluntary from involuntary payments. We believe that receipt of both the insurance proceeds and an award under the Act would be, in fact, a double recovery, a result which the Act prohibits. *Gloeckl v. Crime Victim's Compensation Board,* 57 Pa. Commonwealth Ct. 28, 425 A.2d 877 (1981). We will, therefore, uphold the denial of the son's claim.

Based upon the foregoing opinion, the order of the Board is affirmed.

### ORDER

AND NOW, this 21st day of August, 1987, the order of the Crime Victim's Compensation Board in the above-captioned matter is affirmed.

---

DISSENTING OPINION BY JUDGE COLINS:

I respectfully dissent from that part of the majority opinion disallowing the reimbursement of funeral ex-

penses to Randy Stowers. Mr. Stowers was under no obligation to pay these costs. His receipt of both insurance proceeds and an award under the Act cannot constitute a "double recovery", as so characterized by the majority; indeed, the majority would financially penalize Mr. Stowers for his voluntary assumption of these costs. I cannot find authority in the Act for this result.