546 A.2d 763

Ann Marie Price, Petitioner *v.* Commonwealth of Pennsylvania, Crime Victim's Compensation Board, Respondent.

Argued May 26, 1988, before Judges DOYLE, PALLADINO and MCGINLEY, sitting as a panel of three.

*Judith A. Miller,* with her, *Mario P. Melucci,* for petitioner.

*Linda C. Barrett,* for respondent.

OPINION BY JUDGE PALLADINO, August 30, 1988:

Ann Marie Price (Petitioner) appeals from a decision of the Crime Victim's Compensation Board (Board) denying her claim for compensation.

The facts are not in dispute. On April 25, 1985 Petitioner was seriously injured when her car was struck by a vehicle driven by Donald Strom. Mr. Strom was con-

victed of violating sections 3731(a)(1) and (4) of the Vehicle Code, which provide:

§3731. **Driving under influence of alcohol or controlled substance**

(a)  **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1)  under the influence of alcohol to a degree which renders the person incapable of safe driving;

. . .

(4)  the amount of alcohol by weight in the blood of the person is 0.10% or greater.

75 Pa. C. S. §3731(a)(1) and (4). The Board denied compensation, concluding that section 2 of the Act of July 9, 1976 (Act), P.L. 574, *as amended,* 71 P.S. §180-7, evidenced the legislature's intent to deny benefits in cases such as Petitioner's. For the reasons which follow, we affirm.[1]

Section 2 of the Act defines crime and states, in pertinent part:

'Crime' means an act committed in Pennsylvania which, if committed by a mentally competent, criminally responsible adult, who had no legal exemption or defense, would constitute a crime as defined in and proscribed by Title 18 of the 'Pennsylvania Consolidated Statutes,' (relating to crimes and offenses) . . . Provided, however, That *no act involving the operation of a motor vehicle which results in injury shall constitute a crime for the purpose of this act unless such in-*

---

[1] Our scope of review is limited to a determination of whether an error of law has been committed, constitutional rights have been violated or findings of fact are supported by substantial evidence. *Boyd v. Pennsylvania Crime Victim's Compensation Board,* 95 Pa. Commonwealth Ct. 15, 504 A.2d 415 (1986).

*jury was intentionally inflicted through the use
of a motor vehicle.*

71 P.S. §180-7 (emphasis added).

We had occasion to interpret this section of the Act, as applied to very similar facts, in *Turner Appeal,* 44 Pa. Commonwealth Ct. 326, 403 A.2d 1346 (1979). In *Turner,* the petitioner sought compensation after her husband was killed in an automobile accident. The driver of the other vehicle was convicted of murder and involuntary manslaughter. The Board denied compensation, reasoning that the injury suffered had not been "intentionally inflicted" as those words are commonly understood. We affirmed, specifically holding that the legislature's use of the word "intentionally" in the Act cannot be construed as equivalent to general criminal intent.

Petitioner makes a valiant effort to distinguish *Turner,* focusing particularly on the fact that the perpetrator in this case was driving while intoxicated. However, we specifically stated in *Turner:*

> Under Section [2], therefore, a motor-vehicle injury could be 'intentionally inflicted' only if the act resulting in injury was committed (1) with the purpose of causing the injury or death of another or (2) with knowledge that the injury or death of another would be an inevitable consequence. The first situation might be illustrated if a person uses a car as a weapon with the design of killing or injuring another, such as by running down a rival or an enemy. The second situation might be illustrated if a person uses a car in a manner which he or she knows will inevitably result in death or injury to another (even though no particular harm is desired), such as driving purposefully into a crowd of people who are blocking his or her passage.

*Id.* at 330, 403 A.2d at 1349 (footnote omitted). Petitioner asserts that Mr. Strom's conduct falls within the second definition of "intentionally inflicted." We cannot agree. The conviction of Mr. Strom demonstrates that criminal intent was established; it does not demonstrate that Mr. Strom used a car in a manner which he knew would inevitably result in death or injury to another.

Petitioner also refers us to various sources which demonstrate that it is the policy of the Commonwealth to punish drunk driving, as evidenced by provision for both civil and criminal liability. This policy, Petitioner argues, indicates that the legislature, in enacting crime victims' legislation, intended to include driving while intoxicated as a crime under the Act. The language of the Act, however, is directly at odds with Petitioner's interpretation. As we stated in *Turner:* "Clearly, this is the precise situation which the legislature was attempting to avoid when it included the motor-vehicle injury restriction, and we cannot construe a statute to defeat its clear legislative purpose." *Id.* at 329, 403 A.2d at 1348.

Accordingly, the order of the Board is affirmed.

ORDER.

AND NOW, August 30, 1988, the decision of the Crime Victim's Compensation Board in the above-captioned matter is affirmed.