Gretchen J. Peterson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Ronald C. Makoski,* for petitioner.

*Sally A. Lied,* Deputy Attorney General, with her *J. Andrew Smyser,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, August 14, 1979:

This case of first impression requires us to review an order and award of the Pennsylvania Crime Victim's Compensation Board (Board).

An amendment to the Administrative Code of 1929 (Act), Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §180-7 et seq., created the Board and empowered it to provide for the financial losses of innocent victims of violent crimes and their dependents by compensating them for out-of-pocket losses and loss of support or earnings. Pursuant to the Act, Gretchen J. Peterson (Petitioner) filed a claim for compensation, following the criminal homicide of her husband.

The first area of compensation, out-of-pocket loss, includes such items as medical care and treatment and funeral expenses. The Board found that Petitioner

incurred an out-of-pocket loss of $35.70 for hospital expenses and $2,919.00 for funeral and burial expense.[1] Petitioner does not dispute that part of the order.

In computing the amount of Petitioner's loss of support, the second area of recovery authorized by the Act, the Board multiplied $3,265.08 (80% of her husband's annual net income) by 27.7, the anticipated remaining labor force participation years of her husband, who died at age 35, and found that Petitioner incurred a permanent loss of support of $90,442.71. However, Section 477.9 of the Act, 71 P.S. §180-7.9, requires awards to be reduced by any payments received by the claimant as a result of the death or injury.[2] Petitioner received life insurance proceeds in the amount of $5,016.95. Furthermore, she will receive Social Security payments of $78.10 per month for herself and for each of her five children until each child reaches the age of 18. These amounts total $65,760.20, and deducting all payments either received or due to be received, the Board found that Petitioner incurred an actual loss of support in excess of $19,000.00. Since the Act limits loss of support to $15,000.00, it would appear that Petitioner should receive that amount.

---

[1] The Board's regulations, found at 37 Pa. Code §191.9(i), limit reimbursement for funeral and burial expenses to $1,500.00. The Board awarded Petitioner that amount plus the $35.70 as her out-of-pocket loss.

[2] In this regard, subsection (e) provides:

Any award made pursuant to this act shall be reduced by the amount of any payments received or to be received by the claimant as a result of the injury (i) from or on behalf of the person who committed the crime, (ii) under any insurance programs including those mandated by law, (iii) under any contract of insurance wherein the claimant is the insured beneficiary, (iv) from public funds, or (v) as an emergency award pursuant to section 477.8 of this act. (Footnote omitted.)

Instead of awarding Petitioner $15,000.00 for loss of support, however, the Board determined that until 1985,[3] when Petitioner's two oldest children have reached eighteen years of age, she will be receiving more money annually in Social Security payments ($5,623.00) than she would have received from her husband had he remained alive. Reasoning that the legislature did not intend to create a windfall, but instead intended to reimburse victims only for their actual losses, the Board held that since Petitioner would incur no loss of support until 1985, she should, at that time, request the Board to reopen her claim to consider compensation for said loss. It is from this part of the order that Petitioner appeals.

We agree with Petitioner that the Board should have awarded her $15,000.00 for the loss of her late husband's support. Section 477.9(b) of the Act, 71 P.S. §180-7.9(b), states that an award for the loss of support shall include "loss of past, present or future earnings or support." Neither side disputes the fact that over the next 27.7 years, Petitioner will sustain an actual loss in excess of $15,000.00. Furthermore, the Board's regulations, at 37 Pa. Code §191.9(j), provide that an award shall equal the Claimant's "uncompensated loss," to be calculated by reducing the total loss by the amount of the various payments, in-

[3] It seems the Board erred in determining that Petitioner's annual income, in 1985, will be less than what she would have received from her husband. After May 20, 1985, when Petitioner's second child turns eighteen, Petitioner will still receive $3,748.80 per year ($78.10 per month for herself and for each of her remaining three children equals $312.40 per month, or $3,748.80 per year), which is $483.72 more than the $3,265.08 which her husband would have provided. It will not be until April 11, 1986, when Petitioner's third child becomes eighteen, and she receives only 3 payments of $78.10 per month (one for herself and one for each of her two youngest children) or $2,811.60 per year, that she will be receiving less than what she would otherwise have received.

surance, Social Security, etc., received as a result of the injury or death. The Board erred, then, in failing to make a present award to Petitioner for loss of support. We shall remand to the Board for the making of such an award.[4]

We hasten to add, however, that in making the award to Petitioner, the Board may elect to defer payments until such time as Petitioner's monthly Social Security payments fall below the amount her husband would have provided. While nothing in the Act specifically authorizes such action, we find implied authority in Section 477.10, 71 P.S. §180-7.10, which allow the Board to "reconsider a claim at any time and modify or rescind previous orders for compensation based upon a change in financial circumstances of a victim or one or more of his surviving dependents."[5] If the Board can halt payments based upon a change in a claimant's financial position, it ought certainly to be able to defer payments in a case such as the instant one.[6]

We also find deferred payments in this situation to be consistent with the purpose of the Act, which we

---

[4] Indeed, the Board, in its brief, suggests this course of action as an appropriate alternative. We believe that a remand for the making of a present award constitutes the most equitable solution, thus relieving Ms. Peterson of the burden of having to file a petition to reopen her claim at some future time.

[5] Section 477.10 also permits the Board to make an award providing for periodic payments rather than a lump sum payment.

[6] Parenthetically, we note our disagreement with a statement in the Board's brief that Section 477.10 authorizes it, in reviewing an award, to modify or rescind a previous order for compensation if the claimant should "inherit, win the lottery, etc." Section 477.10 must be read in conjunction with Section 477.9(e). *See supra* n. 2. Considering the two sections together, we believe that the only type of "change in financial circumstances" which would justify a modification or rescission of a previous award is one which occurs "as a result of the injury," as, for example, an increase in Social Security payments.

interpret as being to compensate victims and their dependents for actual losses sustained,[7] after factoring out payments from other sources. Given the purpose of the Act, it makes sense to defer payments to a claimant, who, now, and for some time to come, will receive more, as a result of a violent crime, than she would have received had the crime never occurred.

### Order

And Now, this 14th day of August, 1979, the order of the Crime Victim's Compensation Board, denying loss of support benefits to Gretchen J. Peterson, is hereby reversed, and the case is remanded to the Board for a computation of benefits and a determination of their manner of payment, consistent with this opinion.

---

[7] Section 477.9(c) of the Act, 71 P.S. §180-7.9(c), provides that an award for loss of earnings or support shall equal "the actual loss sustained."