Pauline McKnight, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Submitted on briefs April 6, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Michael N. Borish,* for petitioner.

*Sally A. Lied,* Deputy Attorney General, with her *Francis R. Filipi,* Deputy Attorney General, and *Le-Roy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARBIERI, August 11, 1983:

Pauline McKnight (Claimant) appeals here from a decision of the Pennsylvania Crime Victim's Compensation Board (Board) denying her claim for out-of-pocket expenses incurred as a result of the death of her husband. We affirm.

On April 30, 1980, Claimant filed a claim with the Board pursuant to Section 477.4 of the Administrative Code of 1929 (Code), Act of April 29, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, 71 P.S. §180-7.4, seeking reimbursement for $9,105.05 of medical and funeral expenses she had incurred as a result of the stabbing death of her husband. Following the submission of documentary evidence, the Board denied this claim, and so informed Claimant in a letter dated March 9, 1981. The Board then granted Claimant's request for reconsideration, and the case was assigned to a Board member who subsequently issued a Report and Recommendation on Reconsideration. In this report, the Board member found as a fact that Claimant had become eligible to receive $15,643.60 in social security

benefits as a result of her husband's death,[1] and concluded that Claimant was therefore disqualified from recovering reimbursement by the provisions of Section 477.9(e) of the Code, 71 P.S. §180-7.9(e), which provides in pertinent part as follows:

> Except for claims involving dismemberment . . . any award made pursuant to this act shall be reduced by the amount of any payments received or to be received by the claimant as a result of the injury . . . (ii) under any insurance programs including those mandated by law . . . [or] (iv) from public funds. . . .

The Board apparently subsequently adopted this recommendation, although the only evidence of this contained in the record before us is a letter to Claimant dated January 27, 1982 stating, *inter alia,* that "[y]ou will note that the Board has denied your claim." Since the parties apparently agree that a Board decision was rendered, however, we will assume for the purposes of this decision that such a decision was reached.

Before this Court, Claimant alleges that Section 477.9(e) only permits the offsetting of social security benefits against claims for loss of support, and does not permit such offsetting against claims for reimbursement of out-of-pocket expenses. We disagree.

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of

---

[1] The Board member also found the Claimant's four children had become eligible to receive $26,742.10 of social security benefits as a result of their father's death. Since Claimant's own social security eligibility in and of itself offsets the expenses claimed, however, we need not decide whether it would be proper to offset their mother's request for reimbursement with these benefits.

1972, 1 Pa. C. S. §1921(b). Since Section 477.9(e) unambiguously states that "any" award made pursuant to the Code shall be reduced by "any" payments received as a result of the injury under any insurance program or from public funds, we must reject Claimant's contention that an exception for social security payments should be read into the clear wording of Section 477.9(e).[2] Therefore, we must affirm.

### ORDER

Now, August 11, 1983, the decision of the Pennsylvania Crime Victim's Compensation Board denying Pauline McKnight's request for reimbursement is affirmed.

---

[2] The Claimant relies upon the case of *Peterson v. Pennsylvania Crime Victim's Compensation Board*, 45 Pa. Commonwealth Ct. 72, 404 A.2d 1364 (1979), for the proposition that social security payments are not to be offset against out-of-pocket losses. Our reading of the *Peterson* case, however, does not support this position. What *Peterson* addressed was the issue as to whether or not it was proper for the Board to deny loss of support payments due a claimant until such time when the claimant's social security benefits decreased to the point when she would actually suffer loss of support as a result of her husband's death.