Ebony D. WILLIAMS by Linda S. ELLIS, Next Friend, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. S 84–416.

United States District Court, N.D. Indiana, South Bend Division.

July 2, 1985.

Aladean M. DeRose, South Bend, Ind., for plaintiff.

David H. Kreider, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) for judicial review of the Secretary's final decision denying plaintiff's claim for surviving child's insurance bene-fits under Title II of the Social Security Act, 42 U.S.C. § 402(d)(1). Both parties have filed motions for summary judgment and the matter is ripe for ruling. The parties have stipulated to the findings of fact set forth in the decision of the Administrative Law Judge (ALJ) rendered January 24, 1984. Plaintiff only disputes the ALJ's conclusions of law that plaintiff is not the "child" of the deceased wage earner, Michael Williams, under 42 U.S.C. §§ 416(h)(2)(A) or 416(h)(3)(C).

The following facts are undisputed. The wage earner, Michael Williams, died domiciled in Indiana on December 31, 1981. The plaintiff, Ebony Williams, was born to Linda Ellis on January 16, 1982, sixteen (16) days later. The plaintiff's mother and Mr. Williams had never gone through a marriage ceremony and were not married at the time of Mr. William's death. Linda Ellis, her doctor's assistant and the wage earner's friends and relatives, including his sister, indicated that the wage earner orally acknowledged that Ebony Williams, who had not yet been born, was his child. The wage earner never acknowledged in writing, however, that plaintiff was his child. The ALJ found satisfactory evidence that the wage earner was plaintiff's biological father.

On July 14, 1982, a court order of the St. Joseph County Probate Court in South Bend, Indiana was entered determining that Michael Williams was the natural father of plaintiff. Accordingly, plaintiff's birth certificate was amended to show the wage earner and Linda Ellis as being plaintiff's natural parents.

At the time of his death, Michael Williams was not living with plaintiff's mother on a regular basis. He did, however, stay overnight with plaintiff's mother from time to time and brought her some food. He did not make regular and substantial contributions to her support. Further, Michael Williams did not make any financial arrangements regarding the birth of the child.

Section 202(d) of the Social Security Act, 42 U.S.C. § 402(d), provides for survivor's benefits for a "child" of a deceased wage

earner if such "child" is under 18, is unmarried, and was "dependent" upon the wage earner at the time of his death. The legitimate child of a wage earner is deemed to have been "dependent" upon the wage earner at the time of the latter's death. 42 U.S.C. § 402(d)(3)(A). However, a claimant may also be considered the dependent "child" of a wage earner for purposes of entitlement to benefits if he or she would have the status of the wage earner's child under the intestate succession laws of the state in which the wage earner was domiciled at the time of his death. 42 U.S.C. § 416(h)(2)(A); *Mathews v. Lucas,* 427 U.S. 495, 499 n. 2, 96 S.Ct. 2755, 2759 n. 2, 49 L.Ed.2d 651 (1976). A claimant who is not considered the "child" of the wage earner under the preceding provision may nevertheless be entitled to surviving child's benefits if he or she is the wage earner's son or daughter and the wage earner, prior to his death, acknowledged his paternity in writing, had been decreed by a court to be the claimant's father or mother, or had been ordered by a court to contribute to the support of the claimant based on a finding of paternity. 42 U.S.C. § 416(h)(3)(C)(i). A claimant who satisfies any of these tests is also deemed to have been "dependent" upon the wage earner for purposes of entitlement to benefits. 42 U.S.C. § 402(d)(3). A claimant who does not satisfy any of these tests may still be entitled to benefits as a surviving dependent child of the wage earner if the wage earner is shown by "satisfactory evidence" to have been the claimant's father and the wage earner was either living with or contributing to the claimant's support when he died. 42 U.S.C. § 416(h)(3)(C)(ii).

In this case, the plaintiff maintains that she is entitled to Social Security survivor benefits either under 42 U.S.C. § 416(h)(2)(A) or 42 U.S.C. § 416(h)(3)(C)(ii). Plaintiff argues that contributions of food to plaintiff's mother constitutes support within the meaning of 42 U.S.C. § 416(h)(3)(C) and that the Indiana intestate inheritance law as applied under 42 U.S.C. § 416(h)(2)(A) to illegitimate posthumously born survivor claimants is unconstitutional.[1]

Under 42 U.S.C. § 416(h)(3)(C), an applicant may be deemed to be a child of insured individual if the insured individual "is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such individual was living with or contributing to the support of the applicant at the time of such insured individual died." In this case, there is no dispute that Michael Williams was the natural father of the plaintiff, Ebony Williams. Therefore, the only issue is whether the father was contributing sufficient support to his unborn illegitimate child to render the child eligible for benefits under Section 416(h)(3)(C)(ii). The plaintiff maintains that Michael William's contribution of food to her mother before her birth was sufficient support to render her eligible.

■■■ The Social Security Act is remedial and should be construed liberally. *See, e.g., Doran v. Schweiker,* 681 F.2d 605 (9th Cir.1982); *Adams v. Weinberger,* 521 F.2d 656 (2d Cir.1975); *Morgan v. Schweiker,* 558 F.Supp. 331 (S.D.Ohio 1983). The primary purpose of the sections of the Act involved here is to provide support to children who have lost either the actual support of an insured parent or the anticipated support which that parent would have expected to give had his death not intervened. *Jiminez v. Weinberger,* 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974); *Doran v. Schweiker, supra; Adams v. Weinberger, supra.* Accordingly, the terms of the Act requiring a potential claimant to show dependency should not be construed in such a manner as to withhold benefits in marginal

---

1. The plaintiff maintains that the Indiana inheritance statute is unconstitutional as applied by the Social Security Administration in denying her benefits. When the constitutionality of an act or statute is questioned, a court must first ascertain whether a construction of the statute is fairly possible by which the question may be avoided. *Crowell v. Benson,* 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932). Since the plaintiff may be entitled to benefits under 42 U.S.C. § 416(h)(3)(C)(ii), this court need not address the constitutional question at this time.

cases. *Adams v. Weinberger, supra.* However, the qualifying sections of the Act were included to sift out and reject "spurious" claims and must be considered in evaluating a claim for children's survivor benefits. *See Jiminez v. Weinberger, supra; Adams v. Weinberger, supra.* With this background in mind, this court must evaluate plaintiff's claim.

■ The statute is silent on the issue of the required amount of support. It contains no language suggesting how much or how often the father must contribute support to render his child eligible for survivor benefits. In implementing this section, the Secretary promulgated the following regulation:

> The insured makes a contribution for your support if the following conditions are met:
>
> (1) The insured gives some of his or her own cash or goods to help support you. Support includes food, shelter, routine medical care, and other ordinary and customary items needed for your maintenance. The value of any goods the insured contributes is the same as the cost of the goods when he or she gave them for your support. If the insured provides services for you that would otherwise have to be paid for, the cash value of his or her services may be considered a contribution for your support. An example of this would be work the insured does to repair your home. The insured person is making a contribution for your support if you receive an allotment, allowance, or benefit based upon his or her military pay, veterans' pension or compensation, or social security earnings. (2) Contributions must be made regularly and must be large enough to meet an important part of your ordinary living costs. Ordinary living costs are the costs for your food, shelter, routine medical care, and similar necessities. If the insured person only provides gifts or donations once in a while for special purposes, they will not be considered contributions for your support. Although the insured's contributions must be made on

a regular basis, temporary interruptions caused by circumstances beyond the insured person's control, such as illness or unemployment, will be disregarded unless during this interruption someone else takes over responsibility for supporting you on a permanent basis.

20 C.F.R. § 404.366(a) (1984). However, the application of the "regular and substantial" test outlined above is inappropriate in the case of an unborn child since an unborn child is totally dependent upon its mother. Courts which have addressed the issue of support under section 416(h)(3)(C) in the case of an unborn child have held that the support requirement must be considered in light of the actual needs of the child and the father's ability to contribute. *See Doran v. Schweiker, supra; Adams v. Weinberger, supra; Gay on Behalf of McBride,* 583 F.Supp. 499 (N.D.Ga.1984); *Morgan v. Schweiker,* 558 F.Supp. 331 (S.D.Ohio 1983); *see also Parker v. Schweiker,* 673 F.2d 160 (6th Cir.1982). This court finds that this is an appropriate test for determining whether a father was contributing sufficient support to his unborn illegitimate child to render the child eligible for benefits under 42 U.S.C. § 416(h)(3)(C)(ii).

■ In this case, the ALJ found that Michael Williams brought plaintiff's mother some food. It is not clear from the ALJ's findings when or how often he brought food or whether those contributions were comensurate with the father's ability to contribute. Since the ALJ's denial was based on the application of an incorrect standard, this case must be remanded for an evaluation in light of the proper standard as outlined above.

For the foregoing reasons, this case is REMANDED to the Secretary for the taking of additional evidence as is necessary to evaluate this case under the proper standard.

SO ORDERED.