527 A.2d 177

Alan L. Friedman, Petitioner *v.* Commonwealth of Pennsylvania, Crime Victim's Compensation Board, Respondent.

Argued February 27, 1987 before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael Yanoff, Dischell, Bartle, Yanoff & Dooley,* for petitioner.

*Linda C. Smith,* Acting Chief Counsel, Department of Aging, for respondent.

OPINION BY JUDGE COLINS, May 28, 1987:

Alan L. Friedman (claimant) appeals an order of the Pennsylvania Crime Victim's Compensation Board (Board) denying his claim for out-of-pocket expenses incurred as a result of the death of his wife.

On June 12, 1985, claimant submitted a claim with the Board pursuant to Sections 477-479.5 of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§180-

7.4—180-7.18, seeking reimbursement of approximately $20,000 of funeral and housekeeping/child care expenses[1] incurred as a result of his wife's murder. Upon consideration of solely documentary evidence, the Board denied the claim for compensation on August 7, 1985, and reaffirmed its decision by letter dated September 12, 1985. Upon claimant's request, the matter proceeded to a hearing before a Board member. This Board member issued a report and recommendation in which he found as fact that claimant had become eligible to receive a total of $101,631[2] in social security benefits, the bulk of which accrued on behalf of his two young sons. Concluding that claimant's anticipated social security reimbursement exceeded his losses, the Board member denied compensation, pursuant to Section 477.9(e) of the Code, which provides in pertinent part:

Except for any payments or proceeds that are specifically denominated as compensation for dismemberment . . . any award made pursuant to this act shall be reduced by the amount of any payments received or to be received by the claimant as the result of the injury . . . (ii) under any insurance programs including those mandated by law, (iii) under any contract of insur-

---

[1] Claimant requested reimbursement of the following out-of-pocket expenses:

| | |
|---|---|
| Funeral and burial expenses | $ 5,211.68 |
| Refreshments following service | 1,092.35 |
| Child care/cooking/housekeeping | 13,000.00 |
| Employment agency/housekeeper | 1,082.34 |

[2] The social security compensation is apportioned as follows: $352.00 per month, on behalf of each of claimant's sons, for a period of 121 months and 167 months, respectively, in accordance with each child's birth date; $255.00 death benefit, which claimant concedes must be offset against his out-of-pocket funeral expenses.

ance wherein the claimant is the insured beneficiary, (iv) from public funds. . . .

71 P.S. §180-7.9(e). Claimant's appeal to this Court followed.

Upon appeal, claimant contends that the Board erred in offsetting social security benefits paid to and for the benefit of his children against his personal claim for reimbursement of out-of-pocket expenses. The record *sub judice* indeed reveals that the claimant is designated as the "representative payee" of the social security benefits, as occasioned by his status as the children's parent and legal guardian, and that the claimant has invested these proceeds in a trust account in his sons' names.

This Court has emphasized that the purpose of the crime victim's compensation program is to compensate innocent victims of crime for economic losses sustained by them for which they normally would receive no compensation. *Fortson v. Crime Victim's Compensation Board,* 98 Pa. Commonwealth Ct. 272, 512 A.2d 734 (1986), *petition for allowance of appeal denied,* Pa. , 520 A.2d 1386 (1987); *Hoffman v. Pennsylvania Crime Victim's Compensation Board,* 46 Pa. Commonwealth Ct. 54, 405 A.2d 1110 (1979). Such compensation is not unlimited, however. The Code clearly states that "any award . . . shall be reduced by the amount of any payments received or to be received by the claimant as a result of the injury. . . ." Section 477.9(e) of the Code, 71 P.S. §180-7.9(e).

The claimant contends that the recipients of the social security survivor's benefits, namely, his children, have not filed the claim for crime victim's compensation in the instant matter so that the Board erred in offsetting *their* compensation against *his* request for reimbursement. The Code defines claimant as "the person filing a claim pursuant to this act." Section 477 of the

Code, 71 P.S. §180-7. We are, of course, constrained to construe statutory language according to its common and proved usage, 1 Pa. C. S. §1903(a), and to presume that the legislature intended the *entire statute* to be effective and clear. 1 Pa. C. S. §1922(2) (Emphasis added.) Moreover, we are required to "constru[e] every statute, if possible, to give effect to all its provisions." 1 Pa. C. S. §1921(a). It is quite true that neither of the children is the named "claimant" as that term is above defined. Nevertheless, we are not convinced that hyper-technical considerations, such as the sole designation of Dr. Friedman as claimant on the reimbursement request presented to the Board, must govern our resolution of this matter.

We established in *McKnight v. Pennsylvania Crime Victim's Board,* 76 Pa. Commonwealth Ct. 274, 463 A.2d 1238 (1983), *appeal dismissed,* 505 Pa. 607, 482 A.2d 1274 (1984), that social security benefits accruing to the decedent's wife must be offset against her claim for reimbursement of medical and funeral expenses. In *McKnight,* we noted that the decedent's children had become eligible to receive social security compensation as a result of their father's death. As the mother's own social security eligibility in and of itself offset the expenses claimed, we did not decide whether it would be proper to offset the children's benefits against their mother's request for reimbursement. *Id.* at 276, n. 1, 463 A.2d 1238, n. 1.

This case is factually distinguishable, however, from *McKnight* in terms of the derivation of the reimbursement claim. In *McKnight,* the decedent's wife requested reimbursement of medical and funeral expenses. The majority of the claim in the instant matter is apportioned to the salary expense of the claimant's housekeeper, whose activities, as represented on the claim form submitted to the Board, included "child

care/cooking/housekeeping." The claimant testified that his housekeeper's primary responsibilities involved cleaning, cooking, and shopping. He also indicated that she was little involved in child care because his children were either in school, with grandparents, or involved in activities outside the home. Nevertheless, the claimant also testified that, at the time relevant here, his children were five and nine years of age, that the youngest was in school only half of the day, that his own work schedule was variable and that he did not employ a housekeeper prior to his wife's death. Even assuming that little of the housekeeper's work day was devoted solely to the children, we cannot conclude that they recouped no benefit from her presence.

The purpose of social security survivors' benefits is to "provide support to children who have lost either the actual support of an insured parent or the anticipated support which that parent would have expected to give had his death not intervened." *Williams by Ellis v. Heckler,* 613 F. Supp. 165, 167 (N.D. Ind. 1985). The victim here, at the time of her death, was not employed outside the home. It is only reasonable to conclude that professional housekeeping services were procured to replace the support previously rendered by Mrs. Friedman.

This is a difficult case. Our sympathies, of course, lie with the family who, individually and together, have suffered a tragic loss. As we are constrained to construe the statute to give effect to all its provisions, we cannot implement the statutory prohibition against dual recovery if we permit reimbursement from the Board of the expenses attributable to claimant's housekeeper where the social security proceeds payable to his children might well be utilized for these services. We conclude that the children's social security compensation must be offset against their father's claim for reimbursement of those

expenses for which they reaped some benefit. We would have no difficulty in authorizing claimant's use of the social security proceeds for these housekeeping services, if he had chosen to do so. Conversely, his decision to invest these funds for the future use of his children must be considered a matter of personal choice.[3]

In accordance with our determination, we are persuaded that the funeral expenses incurred by claimant bear no relation to his children. Their eligibility for social security survivor's benefits has no impact on their father's claim for reimbursement of these losses and such benefits cannot be offset against their father's claim for reimbursement. Claimant received a social security death benefit in the amount of $255.00 and readily conceded, at the hearing before the Board member, that this amount must be deducted from any reimbursement of funeral expenses. We note, further, that the pertinent regulation adopted by the Board limits compensation for out-of-pocket losses incurred in funeral and burial services to $2,000.00. 37 Pa. Code §191.9(i). We thus compute the claimant's entitlement to reimbursement of funeral expenses in the amount of $1,745.00.

Accordingly, the order of the Board is affirmed insofar as it disqualified claimant from recovering reimbursement of expenses attributable to child care and housekeeping services and reversed insofar as it denied claimant's request for reimbursement of burial and funeral expenses.

---

[3] The "representative payee" of social security survivors' benefits is responsible for "Us[ing] the payments he or she receives only for the use and benefit of the beneficiary in a manner and for the purposes he or she determines . . . to be in the best interests of the beneficiary. . . ." 20 C.F.R. §404.2035.

### ORDER

AND NOW, May 28, 1987, the order of the Crime Victim's Compensation Board in the above-captioned matter is affirmed insofar as it denied claimant's request for reimbursement of expenses attributable to child care and housekeeping services and reversed insofar as it denied claimant's request for reimbursement of funeral expenses. The matter is remanded to the Board with directions that it reimburse claimant for out-of-pocket funeral expenses in the amount of $1,745.00 in accordance with the reimbursement limitation imposed by 37 Pa. Code §191.9(i) and the foregoing opinion.

Jurisdiction relinquished.