Lois Frances SCOTT, Conservator of the Estate of Michael Scott Langlotz, Minor, and Conservator of the Estate of Brian Douglas Langlotz, Minor, Plaintiff–Appellant,

v.

The LABOR AND INDUSTRIAL RELATIONS COMMISSION, State of Missouri, Defendant–Respondent.

No. WD 40089.

Missouri Court of Appeals, Western District.

July 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1988.

Application to Transfer Denied Oct. 18, 1988.

Lawrence R. McClure, Marshall, for plaintiff-appellant.

---

William E. Webster, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

Before MANFORD, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

The conservator to the estates of Michael Scott Langlotz and Brian Douglas Langlotz, minors, filed an application with the Division of Workers' Compensation for compensation under the provisions of §§ 595.010–595.075, RSMo 1986, providing for compensation to victims of crime. The Administrative Law Judge awarded compensation but the Labor and Industrial Relations Commission, with one dissent, reversed and entered an order denying compensation. On appeal, the circuit court affirmed the order of the Commission. The question on this appeal is whether or not social security benefits payable to the minors are applicable to reduce benefits under § 595.035.2(2) and (3). Reversed and remanded.

The facts are not in dispute. The minors are the only children of Brenda J. Langlotz, who was the victim of a homicide committed by Jimmy Garrett.

Section 595.035.2 provides:

Any compensation paid pursuant to sections 595.010 to 595.070 shall be reduced by the amount of any payments received or to be received as a result of the injury or death:

(1) From or on behalf of the offender;

(2) Under insurance programs; or

(3) From public funds, including an award payable under the workers' compensation laws of this state.

Under § 595.030.4, the maximum compensation payable is $10,000. The Administrative Law Judge awarded $4,900 to each minor, for a total of $9,800. It is agreed that the total benefits which the minors will receive under the Federal Social Security Act, 42 U.S.C. § 401 et seq, will exceed the sum of $9,800. Thus, if social security benefits reduce the award, the minors in the case are not entitled to any compensation.

In construing the statute, the question becomes whether or not social security benefits constitute an insurance program or payment from public funds. No case in this state has considered this subject.

The objective in statutory interpretation is to ascertain the intent of the legislature from the language used. *Springfield Park Central Hospital v. Director of Revenue,* 643 S.W.2d 599, 600[3, 4] (Mo.1983). To determine the intent of the legislature in using the term "insurance programs" in § 595.035.2(2), it is necessary to examine the meaning of the word "insurance." In common usage "insurance" is defined in *Webster's Third New International Dictionary* as "coverage by contract whereby for a stipulated consideration one party undertakes to indemnify or guarantee another against loss by a specified contingency or peril." In applying this definition to social security benefits, it is apparent that such benefits do not fit within the common meaning of the word "insurance." The minors in this case received benefits from the social security program because of the death of their mother. The mother did not enter into a contract with the federal government for insurance benefits for her children. Rather, the mother paid into the social security trust fund amounts mandated by federal law.

The State argues that the social security law in 42 U.S.C. § 402(d) is entitled "children's insurance benefits." The social security program described in 42 U.S.C. carries in its heading the word "insurance." However, the social security program is not an insurance program as commonly understood. The social security program is a form of social insurance that is defined in *Black's Law Dictionary* (5th ed. 1979) as "a comprehensive welfare plan established by law, generally compulsory in nature, and based on a program which spreads the cost of benefits among the entire population rather than on individual recipients." From this it is apparent that the social security program is not an insurance program but rather a social welfare program adopted by the federal government to provide benefits to those who are found eligi-

ble, with the cost to be borne by the entire population. Thus, social security benefits do not fall within the commonly accepted meaning of the term "insurance."

It is not necessary to further demonstrate that the legislature did not intend social security benefits to be included within the term "insurance" because the 84th General Assembly in 1988 adopted SS SCS HCS HB 1195. This bill repealed § 595.035, RSMo 1986, and enacted a new § 595.035. The parts of that section under examination in this case were not changed. However, the legislature did add a new subdivision 4, which provides:

In determining the amount of compensation payable pursuant to sections 595.010 to 595.070, monthly social security disability or retirement benefits received by the victim shall not be considered by the division as a factor for reduction of benefits.

From this enactment it is obvious that the legislature is well informed concerning social security benefits since it decided that social security disability or retirement benefits received by a victim would not cause a reduction in benefits payable to crime victims. When the legislature considered social security benefits, it referred to those benefits specifically as social security benefits. Had the legislature intended social security benefits to work a reduction in benefits under § 595.035.2, it would have referred to social security benefits in specific language.

Furthermore, if social security benefits were held to be included within insurance programs or public funds, it would result in the minors in this case being treated differently from other crime victims. Dependents are entitled to compensation under § 595.020.1(2)(a), but dependents are not named in the new § 595.035.4, which states only that it applies to the victim. To hold that social security benefits are included in insurance programs would create the anomalous situation in which the victim would not have compensation offset by social security benefits but his dependents would be subject to such offset. The dependents of those victims who suffer death are just as

entitled to compensation as the victims who do not die. To hold that dependents are subject to such offset but victims are not produces an unfair result. Such a result is to be avoided. *State ex rel. McNary v. Hais*, 670 S.W.2d 494, 495[1–3] (Mo.1984) (a construction is favored that avoids unjust or unreasonable results).

The State also contends that social security benefits are included within the term "public funds." The discussion above holding that social security benefits are not included in the term "insurance" is applicable to the question of whether or not such benefits are included within the term "public funds." In addition, it should be noted that social security funds are not mingled with the general funds of the federal government, but under 42 U.S.C. § 401(a), (c), such funds are held in trust. In any event, the legislature is thoroughly familiar with social security benefits, and had it intended those benefits to be considered to be payable from public funds, it would have made specific reference to social security benefits.

Additional support for this position is found in *State v. Igoe*, 340 Mo. 1166, 107 S.W.2d 929, 933 (1937), in which the court held that public funds as used in a statute means funds belonging to the state or county or a political subdivision.

The State contends that Pennsylvania has faced this problem and has held that social security benefits reduce benefits under a statute which mentions insurance programs. The State cites *Peterson v. Commonwealth, Pennsylvania Crime Victims Compensation Board*, 45 Pa. Cmwlth. 72, 404 A.2d 1364 (1979). The Pennsylvania statute provides that benefits are to be reduced by insurance programs *including those mandated by law* (emphasis supplied). The emphasized portion is not included in the Missouri statute, but such language would make a strong argument that social security benefits were intended. However, the Pennsylvania court did not give any rationale for holding that social security benefits would be applied to reduce compensation but simply assumed that such benefits would cause a reduction.

For these reasons, the Pennsylvania decision is not persuasive.

This court concludes that the legislature did not intend social security benefits to be considered as insurance programs or public funds for the purpose of reducing compensation to dependents of crime victims.

The judgment is reversed, and this cause is remanded to the circuit court with directions to remand to the Labor and Industrial Relations Commission with directions to enter an award in favor of each of the minors in the sum of $4,900 and to make further appropriate orders with reference to attorney fees.

All concur.