518 A.2d 211

Cloyd R. Ream, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Submitted on briefs October 9, 1986, to Judges BARRY, COLINS (P.) and PALLADINO, sitting as a panel of three.

*John H. Armstrong,* for petitioner.

*LeRoy S. Zimmerman,* Attorney General, with him, *Amy Zapp,* Deputy Attorney General, and *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, for respondent.

OPINION BY JUDGE BARRY, November 28, 1986:

Petitioner, Cloyd Ream, appeals an order of the Pennsylvania Crime Victim's Compensation Board (Board) denying him compensation as an alleged victim of a crime under the Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§180-7—180-7.18 (Supp. 1986).

While deer hunting on November 30, 1982, petitioner was shot in the lower right leg. Petitioner reported that he had been shot by an unknown person, but an investigation into the matter by the Game Commission turned up witnesses in the area of the shooting, one of whom heard a shot and then heard someone screaming that he had shot himself in the foot. The investigator ultimately concluded that he was unable to identify who had fired the shot.

Petitioner then filed a claim with the Board, which is empowered to award up to $35,000.00 for out of pocket expenses and lost earnings to one injured as a result of criminal activity. 71 P.S. §180-7.9 (Supp. 1986). The Board originally awarded petitioner over $9,000.00 in June of 1984. The Office of the Attorney General asked the Board to reconsider, arguing that there was no factual basis on which to conclude petitioner had been injured as a result of criminal activity. On reconsideration, the Board denied the claim. A hearing was then held at petitioner's request, following which the Board reaffirmed its earlier denial. This appeal followed.

The issue now before us is a narrow one. Did the Board commit an error of law when it concluded that petitioner did not present facts upon which to base a decision that he had been injured by criminal activity? We believe not.

A review of petitioner's testimony indicates no evidence other than he had been shot while in the woods. Petitioner posits that he was either the victim of an assault, 18 Pa. C. S. §2701(a)(2), or the crime of recklessly endangering another person, 18 Pa. C. S. §2705. Be that as it may, we do not state, considering the hordes of outdoorsmen flocking to the woods in search of the elusive buck, that every shooting of a fellow hunter would constitute a crime, even if only negligence is the basis of the criminal act. Petitioner has offered nothing but the fact he was shot. This testimony is not enough to prove criminal activity. The Board's legal conclusion in this regard was not error.

ORDER

Now, November 28, 1986, the order of the Crime Victim's Compensation Board, dated October 16, 1985, at No. 82-1285-B, is affirmed.

Judge COLINS concurs in the result only.