546 A.2d 144

Gary A. Hamilton, Petitioner *v.* Commonwealth of Pennsylvania, Crime Victim's Compensation Board, Respondent.

Argued April 20, 1988, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Karl K. Baldys, Baldys & Baldys,* for petitioner.

*Linda C. Barrett,* Assistant Counsel, with her, *Linda C. Smith,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 18, 1988:

Gary A. Hamilton (Petitioner) appeals from a decision of the Crime Victim's Compensation Board (Board) denying his claim for compensation.

The facts are not in dispute. On December 8, 1984 Petitioner was shot in the right thigh by a hunter, John L. Barton, who shot Petitioner believing him to be a deer. Barton was convicted of violating section 825(b) of The Game Law[1] (Game Law), which section is titled "shooting at human beings in mistake." In December of 1985 Petitioner filed a claim with the Board, alleging Barton had committed the crimes of simple assault[2] and recklessly endangering another person,[3] in addition to the violation of the Game Law for which he was convicted.

On September 23, 1986 the Board denied Petitioner's claim for compensation, concluding that the actions of Barton did not constitute a crime for purposes of crime victim's compensation and that, accordingly, the Board was not authorized to award compensation. Petitioner has appealed to this court.

Petitioner contends that Barton's conviction for violating section 825(b) of the Game Law also establishes that Barton committed the crimes, under the Crimes Code, of simple assault and recklessly endangering another person. Thus, the issue before us is whether the victim of a hunting accident, where the hunter has been convicted of a violation of the Game Law, is a vic-

---

[1] Act of June 3, 1937, P.L. 1225, *as amended, formerly* 34 P.S. §825(b). The Game Law was repealed and substantially reenacted as the Game and Wildlife Code (Code), 34 Pa. C. S. §§101-2965. The Code became effective on July 1, 1987 and is therefore not applicable to this case. Section 825(b) is now found at 34 Pa. C. S. §2522.

[2] Section 2701 of the Crimes Code, 18 Pa. C. S. §2701.

[3] Section 2705 of the Crimes Code, 18 Pa. C. S. §2705.

tim of a crime entitled to compensation from the Board. For the reasons which follow, we affirm.[4]

Section 2 of the Act of July 9, 1976 (Act), P.L. 574, *as amended,* 71 P.S. §180-7 provides the statutory framework within which the Board operates. Crime is defined in section 2 of the Act as follows:

'Crime' means an act committed in Pennsylvania which, if committed by a mentally competent, criminally responsible adult, who had no legal exemption or defense, would constitute a crime as defined in and proscribed by Title 18 of the 'Pennsylvania Consolidated Statutes,' (relating to crimes and offenses) or enumerated in the act of April 14, 1972 (P.L. 233, No. 64) known as 'The Controlled Substance, Drug, Device and Cosmetic Act': Provided, however, That no act involving the operation of a motor vehicle which results in injury shall constitute a crime for the purpose of this act unless such injury was intentionally inflicted through the use of a motor vehicle.

71 P.S. §180-7. Barton was convicted under section 825(b) of the Game Law, which provides:

**Shooting at human beings in mistake.**

It is unlawful for any person, while using a firearm of any kind, or a bow and arrow, to either shoot at, wound, or kill a human being in mistake for either game or a wild creature of any description: Provided, however, That no person shall be held to have violated the provisions of this section who, while actually shooting at any

---

[4] Our scope of review is limited to a determination of whether an error of law has been committed, constitutional rights have been violated or findings of fact are supported by substantial evidence. *Boyd v. Pennsylvania Crime Victim's Compensation Board,* 95 Pa. Commonwealth Ct. 15, 504 A.2d 415 (1986).

game or wild creature, shall accidentally shoot in the direction of or injure or kill another person.

There can be little doubt that this section is designed specifically to deal with conduct such as that engaged in by Barton.

Petitioner argues, however, that conviction under this statute proves violation of section 2701 (simple assault) of the Crimes Code, 18 Pa. C. S. §2701. This section provides, in part: "Offense defined—a person is guilty of assault if he: . . . (2) negligently causes bodily injury to another with a deadly weapon. . . ." Section 302(b)(4) (General requirements of culpability) of the Crimes Code provides:

> A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

18 Pa. C. S. §302(b)(4).

Petitioner also asserts that a conviction under section 825(b) of the Game Law establishes that Barton is guilty of recklessly endangering another person. Section 2705 of the Crimes Code, 18 Pa. C. S. §2705, provides: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." Section 302(b)(3) of the Crimes Code provides:

> A person acts recklessly with respect to a material element of an offense when he con-

sciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa. C. S. §302(b)(3).

In *Ream v. Pennsylvania Crime Victim's Compensation Board*, 102 Pa. Commonwealth Ct. 330, 332, 518 A.2d 11, 12 (1986), we held that the claimant had not presented facts upon which to base a decision that he had been injured by criminal activity. We also noted: "[W]e do not state, considering the hordes of outdoorsmen flocking to the woods in search of the elusive buck, that every shooting of a fellow hunter would constitute a crime, even if only negligence is the basis of the criminal act." Thus, we specifically avoided the question now before us, namely, whether a hunting accident constitutes a crime entitling a victim to compensation from the Board. We now hold that where a perpetrator has been convicted under section 825(b) of the Game Law, the victim is not entitled to crime victim's compensation.

Our decision is guided by the legislature's definition of crime in section 2 of the Act. Nowhere in that definition does the legislature reference the Game Law, although it does make reference to The Controlled Substance, Drug, Device and Cosmetic Act.[5] The principle *expressio unius est exclusio alterius* governs our interpretation here and leads us to conclude that if the legis-

---

[5] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 to 780-144.

lature had intended to award compensation to victims of hunting accidents, it would have included a reference to the Game Law in the definition of crime in the Act. We hold that the legislature did not intend a violation of section 825(b) of the Game Law to constitute a crime under the Act and, therefore, Petitioner could not establish entitlement to compensation.

Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, August 18, 1988, the decision of the Crime Victim's Compensation Board in the above-captioned matter is affirmed.

---

DISSENTING OPINION BY JUDGE COLINS:

I must respectfully dissent. Barton's actions, as alleged, would clearly constitute violations of 18 Pa. C. S. §§2701(2) and 2705. The fact that the District Attorney, in a valid exercise of prosecutorial discretion chose to proceed pursuant to sections of the Game Code, cannot nullify the fact that the actions committed would be violations of the Crimes Code if proven in court.

I would reverse the determination of the Board.