565 A.2d 221

**Matthew L. RUPPERT, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, CRIME VICTIM'S COMPENSATION BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Oct. 25, 1989.

Reargument Denied Jan. 2, 1990.

Frederick I. Huganir, Carlisle, Huganir & Jacobsen, for petitioner.

Linda C. Barrett, Pittsburgh, counsel-in-charge, for respondent.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Matthew L. Ruppert (Petitioner) petitions for review of a decision of the Crime Victim's Compensation Board (Board) denying his claim for compensation.

The facts are not in dispute. On December 22, 1986, Petitioner, then nineteen years of age, was employed by Albert Crowl, d/b/a Crowl's Custom Butchery, in York Springs, Pennsylvania. While Petitioner was at work, he caught his hand in a meat grinder. This injury required amputation of Petitioner's hand and reconstructive surgery.

Petitioner submitted a workers' compensation claim for $29,683.57 in medical expenses plus wage and disability losses. Referee Nickel for the Bureau of Workmen's Compensation awarded Petitioner $29,683.57 for medical expenses and $43,331.30 for disability/wage losses.[1] The Referee's award was to be paid by Crowl personally because Crowl was uninsured.

Additionally, criminal charges were filed against Crowl for his failure to carry workers' compensation insurance in violation of Section 305 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 501.[2] Following a preliminary hearing on the

1. The Referee's award for disability/wage losses was calculated according to the formula denominated by The Pennsylvania Workmen's Compensation Act as compensation for dismemberment of an employee's hand. Specifically, the award was calculated by multiplying Petitioner's compensation rate, 66⅔% of his Average Weekly Wage, by 335, the total of weeks for loss of a hand, plus the healing period of 20 weeks, for a total of 355 weeks, as provided by Sections 306(c) and 306(c) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §§ 513(1) and 513(25).

2. Section 305 provides in pertinent part:

Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this Commonwealth, unless such employer shall be exempted by the department from such insurance....

Any employer who fails to comply with the provisions of this section for every such failure, shall, upon summary conviction before any official of competent jurisdiction, be sentenced to pay a fine of not less than five hundred dollars ($500) nor more than two thousand dollars ($2,000), and costs of prosecution, or imprisonment for a period of not more than one (1) year, or both. Every day's violation shall constitute a separate offense....

When any employer fails to secure the payment of compensation under this act ... the injured employe or his dependents may

matter, the case was bound over for trial. Subsequently, Crowl was convicted of the crime, fined $500.00, and ordered to pay restitution in the amount of $29,683.57. Post-trial motions were filed, and a decision is currently pending in the Adams County Court of Common Pleas.

Because Petitioner received no compensation for his injury from Crowl,[3] on June 29, 1988,[4] he applied for crime victim's compensation benefits pursuant to Section 477 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended*, 71 P.S. §§ 180-7 to 180-7.17 (Act).

The claim alleged that Crowl had intentionally failed to insure his employees as required under Section 305 of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 501, and that this offense constituted a crime under Sections 106(b)(8) and (e) of the Crimes Code, 18 Pa.C.S. §§ 106(b)(8) and (e).

■ On August 10, 1988, the Board denied Petitioner's claim for compensation, concluding that the actions of Crowl did not constitute a crime for purposes of crime victim's compensation and, accordingly, the Board was not authorized to award compensation. Petitioner filed a Rejection of Decision and a Request for Reconsideration[5] with the Board on September 1, 1988. On November 16, 1988, the Board issued a Report and Recommendation, affirming the Board's decision of August 10, 1988, and denying Peti-

proceed either under this act or in a suit for damages at law as provided by [the Act].

3. Petitioner has received some medical assistance from the Department of Public Welfare.

4. The Board noted that Petitioner filed his claim for compensation beyond the one year statutory deadline, but found that Petitioner had demonstrated good cause for this delay.

5. In support of his Request for Reconsideration, Petitioner submitted a copy of the Decision and Order issued by Referee Nickel in the workers' compensation case.

tioner's claim for compensation, whereupon Petitioner petitioned this Court for review.[6]

■ Petitioner contends that Crowl's conviction for violating Section 305 of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 501, constitutes a crime for which he may receive benefits under the Act. Thus, the issue before this Court is whether the definition of "crime" as contained in the Act includes the violation of The Pennsylvania Workmen's Compensation Act.

Section 2 of the Act provides the statutory framework within which the Board operates. "Crime" is defined therein as follows:

> *'Crime' means an act committed in Pennsylvania which,* if committed by a mentally competent, criminally responsible adult, who had no legal exemption or defense, *would constitute a crime as defined in and proscribed by Title 18 of the 'Pennsylvania Consolidated Statutes,'* (relating to crimes and offenses) or enumerated in the Act of April 14, 1972 (P.L. 233, No. 64), known as 'The Controlled Substance, Drug, Device and Cosmetic Act': Provided, however, That no act involving the operation of a motor vehicle which results in injury shall constitute a crime for the purpose of this act unless such injury was intentionally inflicted through the use of a motor vehicle.

71 P.S. § 180–7 (emphasis supplied).

Although Title 18 of the Pennsylvania Consolidated Statutes (the Crimes Code) does not provide a definition of the word "crime", the Official Comment to Section 103 states that Section 101 of the Statutory Construction Act, Act of May 28, 1937, P.L. 1019, *as amended, formerly* 46 P.S. § 601, repealed by the Act of Dec. 6, 1972, P.L. 1339 (now

---

6. Our scope of review is limited to a determination of whether an error of law has been committed, constitutional rights have been violated or findings of fact are supported by substantial evidence. *Boyd v. Pennsylvania Crime Victim's Compensation Board,* 95 Pa.Commonwealth Ct. 15, 504 A.2d 415 (1986).

codified, *as amended,* at 1 Pa.C.S. § 1991), defines it. Section 1991 of the Statutory Construction Act of 1972 provides that the meaning of the word "crime" is any indictable offense. Section 305 of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 501, states that employers who fail to carry workers' compensation insurance on their employees are subject to a fine or imprisonment or both, making this violation an indictable offense.

Moreover, Section 106 of the Crimes Code, 18 Pa.C.S. § 106, classifies offenses. According to Section 106(a), the general rule is that "[a]n offense defined by this title for which a sentence of death or of imprisonment is authorized constitutes a crime." The penalty for violating Section 305 of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 501, is a fine of $500 to $2,000 or imprisonment for a period of not more than one year, or both, which classifies this violation under 18 Pa.C.S. § 106(b)(8) as a misdemeanor of the third degree.[7]

Finally, 18 Pa.C.S. § 106(e) states that "[a]n offense hereafter *defined by any statute* other than this title shall be classified as provided in this section." The Pennsylvania Workmen's Compensation Act delineates that failure to carry workers' compensation insurance is an offense. As previously noted, classifying this offense pursuant to the Crimes Code renders this offense a misdemeanor of the third degree. Thus, according to Title 18, violation of Section 305 of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 501, constitutes a crime as defined by the Act.

The next question is whether failure to carry workers' compensation insurance is a crime that is *compensable*

7. 18 Pa.C.S. § 106(b)(8) states:
   (b) Classification of Crimes
     (8) A crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year.

under the Act. According to Section 2 of the Act, 71 P.S. § 180–7.3(a)(1), victims of a crime are eligible for compensation.[8] "Victim" is defined in the Act as "a person against whom a crime has been committed, other than the alleged offender, *who, as a direct result of the crime, suffers physical or mental injury,* death or the loss of earnings as herein defined." Section 2 of the Act, 71 P.S. § 180–7 (Emphasis supplied). Similarly, injury is defined as "damages incurred as a *direct result* of the crime ..." 71 P.S. § 180–7 (Emphasis supplied). Here, Petitioner's physical injury occurred from getting his hand caught in a meat grinder. While workers' compensation benefits would help Petitioner pay for his physical injury, the failure to carry these benefits did not cause the injury itself. Accordingly, Crowl's failure to insure Petitioner constitutes a crime, but Petitioner's injury was not the direct result of this crime. Thus, this crime is not compensable under the Act.[9]

Accordingly, the decision of the Board is affirmed.[10]

## ORDER

NOW, October 25, 1989, the order of the Crime Victim's Compensation Board is affirmed.

**8.** Petitioner does not qualify under any of the other categories of persons eligible for compensation under 71 P.S. § 180–7.3(a)(1).

**9.** Although the Board based its denial of Petitioner's crime victim's compensation benefits on this Court's decision in *Hamilton v. Crime Victim's Compensation Board,* 118 Pa.Commonwealth Ct. 644, 546 A.2d 144 (1988), we believe that our foregoing reasoning adequately supports our decision to affirm the Board.

**10.** We note that because Petitioner's injury is not compensable under the Act, we need not determine whether Petitioner incurred any actual out-of-pocket loss or loss of earnings.